**Kay M. JOACHIM, Plaintiff,**

**v.**

**Bruce BABBIT, et al., Defendant.**

**No. Civ.A. 97–434–B–M1.**

United States District Court,
M.D. Louisiana.

July 27, 1999.

Jeffrey Scott Wittenbrink, Baton Rouge, LA, for Kay M. Joachim, plaintiff.

James L. Nelson, United States Attorney's Office, Baton Rouge, LA, for Bruce Babbit, in his capacity as Secretary of the Interior for the United States of America, defendant.

## RULING

POLOZOLA, Chief Judge.

This matter is before the Court on Defendant Bruce Babbit's, Secretary of the Interior, motion for summary judgment. For the reasons which follow, Defendant's motion is GRANTED.

Plaintiff's complaint asserts that she was the victim of age discrimination in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"). The ADEA, 29 U.S.C. § 621, *et seq.*, prohibits age discrimination in the workplace by employers.[1]

■ An ADEA plaintiff may establish age discrimination either (1) by direct evidence or (2) by circumstantial evidence through the application of the "burden-shifting" analysis outlined in *McDonnell Douglas Corp. v. Green.*[2] The "burden-shifting" analysis of *McDonnell Douglas* is properly applied in a summary judgment context.[3]

■ In order for the ADEA plaintiff to survive summary judgment, the plaintiff must be able to establish a prima facie case of discrimination. That is done by the plaintiff showing that (i) she is within the statute's protected status; (ii) that an adverse employment action has been taken against the plaintiff by the employer; and (iii) evidence that the adverse employment action was motivated by unlawful age discrimination.[4] If the plaintiff is successful, the burden of production shifts to the defendant to articulate a legitimate, non-discriminatory reason for the challenged em-

ployment decision.[5] Once a legitimate, nondiscriminatory reason is articulated, the inference of employment discrimination created by the plaintiff's prima facie case disappears.[6] It is then necessary for the plaintiff, in order to avoid summary judgment, to produce evidence not only that the employer's stated reasons are false, but also, the plaintiff must additionally present evidence that creates an inference that age was a determinative factor for the action taken.[7]

■ The Court finds that Plaintiff failed to establish the second element of a prima facie case of age discrimination. Specifically, the Court finds that Plaintiff failed to allege conduct that rises to the level of adverse employment action.

The basis of Plaintiff's age discrimination claim is that she was "passed ... over" by her immediate supervisor, Mr. Kraemer, for training opportunities given to a younger employee. Plaintiff also contends that she continually requested the "extra training" which she claims was needed to adequately do her job and/or for promotion in the future, but Mr. Kraemer favored the younger employee.[8] In her deposition, Plaintiff stated that (i) her complaint about training related solely to Melissa Chavis,[9] (ii) that what concerned her was that Ms. Chavis "got different additional training" than she did,[10] and (iii) that the fact that Ms. Chavis got training she did not get was the basis for her allegation of age discrimination.[11] Additionally, Plaintiff acknowledged that the training she claims to have missed out on did not

1. 29 U.S.C. §§ 621 *et seq.* (1999).

2. 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). *See also Rhodes v. Guiberson Oil Tools,* 75 F.3d 989 (5th Cir.1996); *Ross v. University of Texas at San Antonio,* 139 F.3d 521 (5th Cir.1998).

3. *Ross v. University of Texas at San Antonio,* 139 F.3d 521 (5th Cir.1998).

4. *Ross,* 139 F.3d at 525.

5. *Ross,* 139 F.3d at 525.

6. *Ross,* 139 F.3d at 525.

7. *Ross,* 139 F.3d at 525.

8. Paragraph 24 of the complaint. (Rec.Doc. No. 1).

9. Excerpts from Joachim Deposition, p. 179, lines 1–9. (Rec.Doc. No. 50).

10. Excerpts from Joachim Deposition, p. 179, lines 16–20. (Rec.Doc. No. 50).

11. Excerpts from Joachim Deposition, p. 179, lines 21–25; p. 180, lines 1–3. (Rec.Doc. No. 50).

prevent her from doing her job effectively.[12] The Court finds that Plaintiff's claim that she was "passed over" for training opportunities, does not constitute an "adverse employment action."

To determine what constitutes an "adverse employment action" within the context of an age discrimination case, the Fifth Circuit looks to Title VII decisions for guidance.[13] In *Dollis v. Rubin*, the Fifth Circuit has held that Title VII was designed to address "ultimate employment decisions."[14] The Fifth Circuit considered whether a number of specific complaints by an employee, including denial of training, constituted "adverse employment actions" in a Title VII employment discrimination case. Holding that such complaints do not constitute "adverse employment actions" under Title VII, the Fifth Circuit stated:

> Title VII was designed to address ultimate employment decisions, not to address every decision made by employers that arguably might have some tangential effect upon those ultimate decisions. None of Dollis' administrative complaints, discussed supra, rise to the level of ultimate employment decisions.[15]

Subsequently, the Fifth Circuit in *Mattern v. Eastman Kodak Co.*[16] cited the *Dollis* holding when it held that other forms of conduct similarly did not rise to the level of ultimate employment action:

> There [in *Dollis*], the employee alleged that she: (1) was refused consideration for promotion; (2) was refused attendance at a training conference; (3) had her work criticized to a government vendor; and (4) was given false information regarding aspects of her employment, including access to travel funds and methods of filing EEO complaints. In holding that these acts did not constitute ultimate employment decisions, our court held also that they were at most "tangential" to future decisions that might be ultimate employment decisions.[17]

Other federal courts have also held that denial of training does not constitute an ultimate employment decision.[18] Therefore, on the basis of the foregoing jurisprudence and the facts of this case, Plaintiff has failed to establish the second prong of her prima facie case of age discrimination under the ADEA.

■ The Plaintiff has also asserted a disability discrimination claim. Plaintiff asserts a disability discrimination claim on two separate statutory grounds: (i) 5 U.S.C. § 7203 and (ii) Sections 501 and 505 of the Rehabilitation Act of 1973, as amended 29 U.S.C. § 621, *et seq.*, and related regulations, 29 C.F.R. § 1614.203.

The first of the statutory grounds for a disability discrimination claim, 5 U.S.C. § 7203 (previously designated as Section 7153),[19] does not provide a private cause of action for disability discrimination.[20] The exclusive remedy for disability discrimination claims against the government is un-

---

12. Excerpts from Joachim Deposition, p. 209, lines 9–25; p. 210, lines 1–13.

13. *See e.g., Honeycutt v. Long*, 861 F.2d 1346 (5th Cir.1988); *Ray v. Tandem Computers, Inc.*, 63 F.3d 429, 435, n. 20 (5th Cir.1995); *Ghahramani v. BASF Corp.*, 755 F.Supp. 708, 711 (M.D.La.1991) ("The Fifth Circuit has consistently relied on Title VII decisions to interpret the proper meaning and interpretation of the ADEA.").

14. 77 F.3d 777, 781 (5th Cir.1995).

15. *Dollis*, 77 F.3d at 781–82 (citations omitted).

16. 104 F.3d 702 (5th Cir.1997).

17. *Mattern*, 104 F.3d at 708 (citations omitted).

18. *See Bullock v. Widnall*, 953 F.Supp. 1461 (M.D.Ala.1996); *Merriweather v. Alabama Dep't of Pub. Safety*, 17 F.Supp.2d 1260 (M.D.Ala.1998); *Lewis v. Glickman*, 1997 WL 276084 (E.D.La.1997); *Smith v. Perry*, 1997 WL 160293 (N.D.Tex.1997); *Spencer v. AT & T Network Sys.*, 1998 WL 397843 (N.D.Ill. 1998).

19. Section 7153 was redesignated as Section 7203 by Pub.L. 95–454, Title VII § 703(a)(1), October 13, 1978, 92 Stat. 1216.

20. *Neal v. United States Postal Serv.*, 468 F.Supp. 958, 960 (D.Utah 1979) (citing *Smith v. Fletcher*, 559 F.2d 1014 (5th Cir.1977) which declined to rule on the existence of a private cause of action under Section 7153). *See also Counts v. United States Postal Serv.*,

der the Rehabilitation Act.[21] Thus, Plaintiff fails to state a claim under Section 7203.

■ Plaintiff also asserts a disability discrimination claim under Sections 501 and 505 of the Rehabilitation Act of 1973. In order to establish a prima facie case under the Rehabilitation Act, a plaintiff must demonstrate that (i) he was an "individual with handicaps"; (ii) he was "otherwise qualified" to perform the essential functions of the job with or without reasonable accommodation; and (iii) he was adversely treated (i.e. suffered an adverse employment action) (iv) solely because of his handicap.[22]

The Court finds that Plaintiff failed to establish the third and fourth elements of a prima facie case of disability discrimination. Plaintiff alleges in her complaint that she was a victim of disability discrimination by the U.S.G.S. when the District relocated its office to a GSA-approved building, which she alleges provided "inadequate access and constraints on overall mobility by disabled individuals."[23] Plaintiff also alleges she was humiliated and embarrassed when she was informed by her immediate supervisor at an administrative staff meeting that she would not be able to park in certain handicap parking spaces, and that she would be towed away if she continued to park there.[24] These allegations do not establish a prima facie case that Plaintiff was adversely treated solely because of her handicap. There is no evidence that would raise inference that such action was directed at Plaintiff on account of her handicap or that her handicap was a determinative factor in bringing about the challenged action. Thus, Plaintiff fails to state a claim for disability discrimination under Sections 501 and 505 of the Rehabilitation Act of 1973.

Plaintiff also sets forth a claim of hostile environment and constructive discharge on the basis of age and disability. The complaint, however, fails to allege any specific facts regarding these claims.

■ In order to establish a hostile environment prima facie case, a plaintiff must establish that: (i) he is within the protected status; (ii) was subjected to harassment; (iii) based on the protected status; (iv) which affected a term or condition of her employment; and (v) there is some ground to hold the defendant liable.[25] Although hostile working environment claims are generally cognizable under the ADEA, there is no established precedent in the Fifth Circuit for bringing hostile environment claims based on the Rehabilitation Act. Thus, the Court will only focus on Plaintiff's claim under the ADEA.

■ In evaluating this claim, the jurisprudence requires the Court to consider the following factors in its analysis: (i) the frequency of the conduct; (ii) the severity of the conduct; (iii) the degree to which the conduct is physically threatening or humiliating; and (iv) the degree to which the conduct unreasonably interferes with work performance.[26] Furthermore, a claim of hostile work environment requires conduct that is "severe or pervasive."[27]

---

1978 WL 154 (N.D.Fla.1978) ("[I]t [Section 7153] cannot even arguably give rise to a private cause of action against a federal agency.")

**21.** *See Spence v. Straw,* 54 F.3d 196, 202 (3d Cir.1995); *DesRoches v. United States Postal Serv.,* 631 F.Supp. 1375 (D.N.H.1986); *Boyd v. United States Postal Serv.,* 752 F.2d 410 (9th Cir.1985); *Connolly v. United States Postal Serv.,* 579 F.Supp. 305 (D.Mass.1984).

**22.** *Chandler v. City of Dallas,* 2 F.3d 1385, 1389 (5th Cir.1993); *Chiari v. City of League City,* 920 F.2d 311, 315 (5th Cir.1991).

**23.** Paragraph 13 of complaint. (Rec.Doc. No. 1).

**24.** Paragraph 23 of complaint. (Rec.Doc. No. 1).

**25.** *Collins v. Baptist Memorial Geriatric Ctr.,* 937 F.2d 190, 195 (5th Cir.1991).

**26.** *Weller v. Citation Oil and Gas Corp.,* 84 F.3d 191, 194 (5th Cir.1996).

**27.** *Burlington Indus., Inc. v. Ellerth,* 524 U.S. 742, 118 S.Ct. 2257, 141 L.Ed.2d 633 (1998) (*citing Oncale v. Sundowner Offshore, Services, Inc.,* 523 U.S. 75, 118 S.Ct. 998, 140 L.Ed.2d 201 (1998)).

In light of these factors, the Court finds that there is no evidence to support a claim of hostile work environment under the facts of this case.

 As for Plaintiff's constructive discharge claim, the Plaintiff must establish that the employer made conditions so intolerable that the employee reasonably felt compelled to resign.[28] Again, the Court finds that there is no evidence to support a claim of constructive discharge.

Plaintiff fails to designate "specific facts" in the record, by way of non-conclusory affidavits, depositions, answers to interrogatories or admissions on file, which evidence that there is a genuine issue for trial.[29] Because Plaintiff bears the ultimate burden of proof at trial, the Plaintiff is required to establish each element crucial to its action "since a complete failure of proof concerning an essential element of the non moving party's case necessarily renders all other facts immaterial."[30]

After reviewing all the evidence in the record, the Court finds that the evidence could not lead a rational trier of fact to find for the Plaintiff, and there is no genuine issue of fact for trial. It is clear the Defendant is entitled to summary judgment as a matter of fact and law.

Therefore:

IT IS ORDERED that Defendant's motion for summary judgment be and it is hereby GRANTED.

Judgment shall be entered dismissing plaintiff's suit with prejudice.

---

**28.** *Young v. Southwestern Sav. & Loan Ass'n,* 509 F.2d 140, 144 (5th Cir.1975).

**29.** *Celotex v. Catrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265; *Kelley v. Price–Macemon, Inc.,* 992 F.2d at 1413.

**30.** *Celotex,* 477 U.S. at 322–23, 106 S.Ct. at 2552.