IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 27, 2008

Charles R. Fulbruge III
Clerk

No. 06-10657

ROBERT PINKERTON

Plaintiff - Appellant

v.

MARGARET SPELLINGS, SECRETARY, U.S. DEPARTMENT OF
EDUCATION, AND THE U.S. DEPARTMENT OF EDUCATION

Defendants - Appellees

Appeal from the United States District Court
for the Northern District of Texas

Before JONES, Chief Judge, and REAVLEY and SMITH, Circuit Judges.
PER CURIAM:

In response to the Secretary of Education's Petition for Rehearing, we withdraw the prior panel opinion, 518 F.3d 278, in its entirety and substitute the following:

Robert Pinkerton, after his termination as an employee of the United States Department of Education ("DOE"), brought this suit alleging disability discrimination under Sections 501 and 504 of the Rehabilitation Act, 29 U.S.C. §§ 791 and 794. The precedent of this circuit allowed his suit under both sections of the Act and Pinkerton was entitled to the proper Section 501 causation standard. Because the jury charge stated the stricter causation

requirement of Section 504, we must reverse the judgment and remand for a new trial.

## I. Background

Pinkerton suffers from arthrogryposis, which causes developmental abnormalities such as shortness of limbs, deformed joints, and limitation of motion in limbs. He is visibly disabled and limited in his ability to use a keyboard. He began his employment with DOE in December 1980 as an Equal Opportunity Specialist in the Office for Civil Rights ("OCR"), under an initiative to recruit disabled individuals into federal employment.

In 1997, Timothy Blanchard became Pinkerton's first line supervisor and Taylor August became the Regional Director. In 2002, Blanchard issued a proposal to remove Pinkerton for unacceptable performance and August made the decision to remove Pinkerton.

Pinkerton filed a timely Equal Employment Opportunity ("EEO") complaint alleging discrimination and retaliation. DOE's Equal Opportunity Group issued a final agency decision finding no discrimination. In 2004, Pinkerton filed suit against DOE in federal district court under Sections 501 and 504 of the Rehabilitation Act.

Following a jury verdict favorable to DOE, the court rendered judgment to that effect. Pinkerton appeals the judgment, alleging errors in the jury charge and several evidentiary rulings.

## II. The Jury Charge

### A. Standard of Review

"[T]he district court has broad discretion in formulating the jury charge." Concise Oil and Gas P'ship v. Louisiana Intrastate Gas Corp.[1] This court reviews a jury charge with deference and will reverse "only when the charge as a whole leaves us with substantial and ineradicable doubt whether the jury has been properly guided in its deliberations." Hall v. State Farm Fire & Cas. Co.[2] But the underlying question here — the causation standard under § 501 of the Rehabilitation Act — is one of statutory construction, which this court reviews de novo. Soledad v. U.S. Dep't of Treasury.[3]

### B. Discussion

### 1. The Section 501 and ADA Causation Standards Are Equivalent

Under our precedent, federal employees may bring disability discrimination claims against the Government under either § 501 or § 504 of the Rehabilitation Act (29 U.S.C. §§ 791 & 794). Prewitt v. U.S. Postal Serv.[4] Some circuits disagree, holding that § 501 is the exclusive right of action for federal employees.[5] These courts reason that it makes "no sense for Congress to provide . . . different sets of remedies . . . for the same wrong committed by the same

---

[1] 986 F.2d 1463, 1474 (5th Cir. 1993) (internal quotation marks omitted).

[2] 937 F.2d 210, 214 (5th Cir. 1991) (internal quotation marks omitted).

[3] 304 F.3d 500, 503 (5th Cir. 2002).

[4] 662 F.2d 292, 304 (5th Cir. 1981); see de la Torres v. Bolger, 781 F.2d 1134, 1135 n.1 (5th Cir. 1986) (per curiam) (listing cases).

[5] See, e.g., Taylor v. Small, 350 F.3d 1286, 1291 (D.C. Cir. 2003); Rivera v. Heyman, 157 F.3d 101, 104–05 (2d Cir. 1998); McGuinness v. U.S. Postal Serv., 744 F.2d 1318, 1321–22 (7th Cir. 1984).

employer."[6]  The controlling issue here, however, is the burden of proof for the causation connection between disability discrimination and the employment decision under § 501.  The district court had the jury decide whether Pinkerton was terminated solely because of his disability, while he has insisted that the question should be whether his disability was a motivating factor in DOE's decision to terminate him.[7]  Pinkerton preserved this issue at trial.

Pinkerton contends that the "sole cause" language is an incorrect statement of the law and that § 501 of the Rehabilitation Act instead incorporates the "mixed-motive" causation standard that he says applies under the Americans with Disabilities Act ("ADA").  DOE responds that § 501 uses the same standard as § 504 of the Rehabilitation Act (29 U.S.C. § 794), where "[l]iability can only be found when the discrimination was 'solely  by reason of her or his disability,' not when it is simply a 'motivating factor.'"[8]  To determine the correct causation standard under § 501, we will first determine whether the § 501 causation  standard and the ADA standard are the same.  Because we hold that they are equivalent, in the next section we will examine whether the ADA causation standard is the "motivating factor" standard.

Under § 504, the causation standard is settled.  Although Congress instructed in § 504(d) that ADA standards be used in determining whether § 504

---

[6] McGuinness, 744 F.2d at 1321.

[7] Two questions were submitted to the jury.  The first asked, "Do you find from a preponderance of the evidence that Pinkerton was a 'qualified individual' as defined in the instructions above?"  The jury answered yes.  The second question, which the jury answered in the negative, was, "Do you find from a preponderance of the evidence that the DOE terminated Pinkerton solely because of his disability?" (emphasis added).

[8] Soledad, 304 F.3d at 505.

has been violated (29 U.S.C. § 794(d)),[9] the Soledad court held that the explicit "solely by reason of" language of § 504(a) (29 U.S.C. § 794(a))[10] is the correct standard for determining whether a violation of the provision has occurred. The court held that the language of § 504(a) trumped the language of § 504(d) because "the more specific provision within a statute prevails."[11] In Soledad, the verdict was set aside because the jury had been asked if the disability was a "motivating factor" of the defendant's treatment and whether the discrimination was "because of" his disability.[12]

Section 501 does not contain language overriding the ADA standards. Nevertheless, some district courts have applied § 504's stringent causation standard to § 501 cases without comment, citing to cases brought under § 504.[13] Other courts have used less stringent causation standards.[14] In other cases,

---

[9] "The standards used to determine whether this section has been violated in a complaint alleging employment discrimination under this section shall be the standards applied under . . . the Americans with Disabilities Act . . . ." 29 U.S.C. § 794(d).

[10] "No otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination . . . ." 29 U.S.C. § 794(a).

[11] Soledad, 304 F.3d at 505.

[12] Id. at 503–05.

[13] See, e.g., Joachim v. Babbit, 60 F. Supp. 2d 581, 585 (M.D. La. 1999); Dowden v. Tisch, 729 F. Supp. 1137, 1138 (E.D. Tex. 1989).

[14] Sutton v. Lader, 185 F.3d 1203, 1207–08 (11th Cir. 1999) (stating that a § 501 plaintiff must show that "he was subjected to unlawful discrimination as a result of his disability . . . . The standard for determining liability under the Rehabilitation Act is the same as that under the ADA."); Burciaga v. West, 996 F. Supp. 628, 640 (W.D. Tex. 1998) (amending a memorandum opinion to read that the § 501 plaintiff must prove that he "was discriminated against because of the handicap").

courts have passed by the § 501 causation question, noting the lack of a clear answer in the statute.[15]

We begin our analysis with the statute's language. Congress's inclusion of § 501(g), which explicitly incorporates the use of ADA standards "to determine whether this section has been violated" (29 U.S.C. § 791(g)),[16] means that, under a plain reading of the statute, the ADA causation standard incorporated by § 501(g) governs claims brought under § 501.

A causation standard for § 501 that aligns with the ADA standard is consistent with the history of the statute. Section 501 of the Rehabilitation Act of 1973 applies to federal government departments and agencies.[17] By contrast, the ADA, enacted in 1990, explicitly excludes the federal government from coverage.[18] Subsequently, the 1992 amendments to the Rehabilitation Act, which included the addition of § 501(g), were intended to make the Rehabilitation Act more consistent with the ADA and to grant protections in line

---

[15] See Williams v. Widnall, 79 F.3d 1003, 1005 n.4 (10th Cir. 1996) ("As establishment of element (3), i.e. whether a § 501 plaintiff must show that his disability was the cause or a cause of termination is not necessary to the resolution of this case, we leave that issue to another day."); Leary v. Dalton, 58 F.3d 748, 752 (1st Cir. 1995) ("Not only is it unclear whether the right of action under § 504 overlaps with that in § 501, it is also unclear, in light of recent amendments to the Rehabilitation Act, whether the two sections require the same showing of causation."); Florence v. Runyon, 990 F. Supp. 485, 491 (N.D. Tex. 1997) ("In short, it is not entirely clear whether § 504's causation standard applies to § 501 cases.").

[16] "The standards used to determine whether this section has been violated in a complaint alleging nonaffirmative action employment discrimination under this section shall be the standards applied under . . . the Americans with Disabilities Act . . . ." 29 U.S.C. § 791(g).

[17] 29 U.S.C. § 791.

[18] 42 U.S.C. § 12111(5)(B); see Hendrickson v. Potter, 327 F.3d 444, 447 (5th Cir. 2003).

with the protections provided to ADA-covered employees.[19] It is consistent with this statutory history that the federal government intends courts to apply the identical causation standard to claims brought by its own employees and plaintiffs suing under the ADA.

The conclusion that the ADA causation standard should be applied to § 501 claims is further supported by the fact that Equal Employment Opportunity Commission ("EEOC") regulations implementing § 501 have incorporated ADA standards, including the level of causation required for findings of a violation. The regulations provide that the "standards used to determine whether section 501 . . . has been violated in a complaint alleging nonaffirmative action employment discrimination under this part shall be the standards applied under . . . the Americans with Disabilities Act of 1990 . . . ."[20]

Applying different causation standards to claims brought under § 501 and § 504 is consistent with how Congress distinguishes between § 501 and § 504 in the statutory scheme. Under § 794a(a)(1), the "remedies, procedures, and rights set forth in section 717 of the Civil Rights Act of 1964" govern complaints under § 501.[21] By contrast, the "remedies, procedures, and rights set forth in Title VI of the Civil Rights Act of 1964" apply to § 504 claims.[22]

The Supreme Court has further distinguished between § 501 and § 504 with regard to remedies. The Court has held that Congress waived the Government's sovereign immunity from monetary remedies for claims brought

---

[19] Schrader v. Ray, 296 F.3d 968, 973–74 (10th Cir. 2002).

[20] 29 C.F.R. § 1614.203(b).

[21] 29 U.S.C. § 794a(a)(1).

[22] 29 U.S.C. § 794a(a)(2).

under § 501, while immunity is not waived for § 504 claims. Lane v. Pena.[23] Thus, plaintiffs may bring discrimination claims under § 501 and § 504, but recover monetary relief only under § 501.

### 2. The ADA's Standard of Causation

The causation question under the ADA is really a question of whether "the ADA's use of the causal language 'because of,'[24] 'by reason of,'[25] and 'because'[26] means that discriminatory and retaliatory conduct is proscribed only if it was solely because of, solely by reason of, or solely because an employee was disabled or requested an accommodation." Head v. Glacier Nw., Inc.[27] The answer to this question is unsettled in the Fifth Circuit. Some circuit decisions in the 1990s endorsed, without explaining the reasons, the "sole causation" standard.[28] Other

---

[23] 518 U.S. 187, 193–94, 116 S. Ct. 2092, 2097 (1996).

[24] 42 U.S.C. § 12112(a). Title I of the ADA states that: "No covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." Id. (emphasis added).

[25] 42 U.S.C. § 12132. Title II of the ADA states that: "Subject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." Id. (emphasis added).

[26] 42 U.S.C. § 12203(a). Title IV of the ADA states that: "No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter." Id. (emphasis added).

[27] 413 F.3d 1053, 1063–64 (9th Cir. 2005).

[28] See, e.g., Still v. Freeport-McMoran, Inc., 120 F.3d 50, 51–52 (5th Cir. 1997) (per curiam); Turco v. Hoechst Celanese Corp., 101 F.3d 1090, 1092 (5th Cir. 1996) (per curiam); Rizzo v. Children's World Learning Ctrs., Inc., 84 F.3d 758, 763–65 (5th Cir. 1996).

circuit decisions have approved the "motivating factor" causation test for ADA claims.[29]

Seven of our sister circuits have reached the conclusion that the ADA causation standard does not require a showing of sole cause.[30] The Ninth Circuit in Head v. Glacier Nw. Inc. and the Eleventh Circuit in McNely v. Ocala Star-Banner Corp., thoroughly analyzed this question. The McNely court concluded after analyzing the statutory language, the legislative history, and the Supreme Court precedent interpreting "because of" in Title VII cases, that the "sole cause" standard was misplaced in ADA cases.[31] The court thought it inappropriate to import the "solely" restriction from § 504 of the Rehabilitation Act, when a plain reading of the "because of" causation language in the ADA "conveys the idea of

---

[29] Soledad v. U.S. Dept. of Treasury, 304 F.3d 500, 503–04 (5th Cir. 2002) (citing Ahrens v. Perot Sys. Corp., 205 F.3d 831, 835 (5th Cir. 2000) for the proposition that to succeed in an ADA claim "discrimination need not be the sole reason for the adverse employment decision, [but] must actually play a role in the employer's decision making process and have a determinative influence on the outcome"); Newberry v. E. Texas State Univ., 161 F.3d 276, 279 (5th Cir. 1998) (citing Hypes v. First Commerce Corp., 134 F.3d 721, 726 (5th Cir. 1998) for the proposition that an ADA plaintiff must show that his disability was a "motivating factor" in the decision to take an adverse employment action); Buchanan v. City of San Antonio, 85 F.3d 196, 200 (5th Cir. 1996). These cases did not explicitly address if they were rejecting the "sole cause" test discussed in other Fifth Circuit decisions. Recent cases have noted that the Fifth Circuit has announced two different causation standards for ADA cases without saying which one is controlling law in the circuit. See, e.g., Orr v. Echosphere, L.L.C., No. Civ. A. 3:05CV1440B, 2006 WL 435125, at *2 (N.D. Tex. Feb. 23, 2006).

[30] Head, 413 F.3d at 1063–65; Parker v. Columbia Pictures Indus., 204 F.3d 326, 337 (2d Cir. 2000); Baird v. Rose, 192 F.3d 462, 470 (4th Cir. 1999); Foster v. Arthur Anderson, LLP, 168 F.3d 1029, 1033–34 (7th Cir. 1999); McNely v. Ocala Star-Banner Corp., 99 F.3d 1068, 1076 (11th Cir. 1996); Katz v. City Metal Co., Inc., 87 F.3d 26, 33 (1st Cir. 1996); Pedigo v. P.A.M. Transp., Inc., 60 F.3d 1300, 1301 (8th Cir. 1995). But see Hedrick v. W. Reserve Care Sys., 355 F.3d 444, 454 (6th Cir. 2004) (holding that, despite contrary law in other circuits, in the Sixth Circuit an ADA plaintiff must show that her disability was the "sole reason" for the employer's adverse employment action).

[31] 99 F.3d at 1073–76.

a factor that made a difference in the outcome," not one that was necessarily the "sole cause" of the outcome.[32]

Under a plain reading of the statute, and in accord with the position of other circuits, we conclude that the ADA does not require "sole causation." The proper causation standard under the ADA is a "motivating factor" test. This is consistent with the law of other circuits,[33] as well as the causation standard articulated by the Fifth Circuit in Soledad v. United States Department of Treasury. We confirm today that the Soledad rule is controlling here: "Under the ADA, 'discrimination need not be the sole reason for the adverse employment decision, [but] must actually play a role in the employer's decision making process and have a determinative influence on the outcome.'"[34] This rule governs cases under Section 501 of the Rehabilitation Act as well. This causation standard was not used in the jury charge below, therefore we must reverse.[35]

### III. The Exclusion of Evidence

---

[32] Id. at 1073–74, 1077.

[33] Head, 413 F.3d at 1065; Foster, 168 F.3d at 1033; McNely, 99 F.3d at 1068. In McNely, the Eleventh Circuit said that the ADA "imposes liability whenever the prohibited motivation [for the adverse employment action] makes the difference in the employer's decision, i.e., when it is a 'but-for' cause." 99 F.3d at 1068.

[34] 304 F.3d at 503-04.

[35] In reaching this conclusion we express no opinion on who bears the burden of proof at trial, including whether the "modified McDonnell-Douglas scheme" adopted by this court for ADEA cases applies in ADA actions. See Rachid v. Jack in the Box, Inc., 376 F.3d 305, 312 (5th Cir. 2004). Nor do we decide whether certain amendments to Title VII in the Civil Rights Act of 1991, 42 U.S.C. §§ 2000e-2(m), 2000e-5(g)(2)(B), are applicable to cases brought under the ADA. These issues were not presented in the instant appeal, and we leave them for another day.

Pinkerton sought to admit into evidence multiple documents and testimony concerning investigative reports of the Dallas OCR office. The district court admitted portions of Mark Levesque's testimony about his investigation, including his personal observations and what Levesque was told about retaliatory practices, but excluded other portions of his testimony and parts of his written notes and summaries.

It is not necessary to rule on the admissibility of the Levesque documents and testimony because the same issues may not be presented on retrial and the issues were not fully developed in the appellate briefs.

## IV. Conclusion

The judgment is REVERSED and the cause is REMANDED.