# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-60167

United States Court of Appeals
Fifth Circuit

**FILED**

December 9, 2016

Lyle W. Cayce
Clerk

SUMIE K. CLARK,

Plaintiff - Appellant

v.

BOYD TUNICA, INCORPORATED, doing business as Sam's Town Hotel and
Gambling Hall,

Defendant - Appellee

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:14-CV-204

Before KING, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:*

After fracturing her ankle in a workplace accident, Plaintiff–Appellant
Sumie Clark was tested for drugs and alcohol pursuant to the policy of her
employer, Defendant–Appellee Boyd Tunica, Incorporated, d/b/a Sam's Town
Hotel and Gambling Hall. One of Clark's samples tested positive for alcohol.
Upon confirming the positive alcohol sample, Clark's employer fired her. Clark

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

sued her employer (among others), alleging that she was fired because of her fractured ankle, in violation of the Americans with Disabilities Act. Concluding that Clark's fractured ankle did not qualify as a disability and that, even if it did, Clark failed to create a genuine factual dispute that her employer's stated reason for termination—the positive alcohol sample—was a pretext for disability discrimination, the district court entered summary judgment in favor of Clark's employer.  For the following reasons, we AFFIRM the district court's judgment.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Sumie Clark worked as a specialty room chef for Boyd Tunica, Incorporated, d/b/a Sam's Town Hotel and Gambling Hall (Sam's Town) in Tunica, Mississippi.  Sam's Town has a substance abuse and testing policy that requires drug and alcohol testing to be administered, in relevant part, following workplace injuries that require medical attention.  The policy states that "being under the influence of any alcoholic beverage . . . on Company premises . . . will not be tolerated," and that, if a test reveals "a blood alcohol level at or above the legal limit," the employee will "be subject to immediate termination."  Sam's Town has repeatedly and consistently enforced the policy, firing every employee who tested positive (as least since 2009) for drugs or alcohol.

On August 17, 2013, Clark tripped over an exposed drainage pipe in Sam's Town's kitchen.  Employees present at the time of the accident testified that Clark did not appear to be under the influence of alcohol—she did not smell of alcohol, have bloodshot eyes, or have impaired speech.  After tripping, Clark went to a clinic to have her ankle examined.  The clinic also took a blood and alcohol sample for testing pursuant to Sam's Town's substance abuse and

testing policy,[1] took an x-ray of her ankle, and diagnosed her with an ankle fracture. The clinic then sent Clark's samples to Quest Diagnostics (Quest) for screening.

On August 21, Quest notified Sam's Town that Clark's blood sample tested negative for drugs and alcohol, but her urine sample tested positive for alcohol, at a level of .12%, which is above the legal limit in Mississippi. *See* Miss. Code § 63-11-30(1)(d)(i) (setting .08% limit on alcohol concentration in breath, blood, or urine of a person operating a vehicle). Clark testified that she has never consumed alcohol, and Sam's Town's staff recognized that "the alcohol seem[ed] out of character" for Clark, who was widely regarded as a hardworking and competent employee. When Sam's Town's director of operations, Michael Pastore, contacted Clark to inform her of the positive alcohol sample, he also inquired about what Clark was drinking the day of the accident and what medications she was taking in an attempt to determine what triggered the positive result. Clark responded that she drank green tea and provided a list of the medications she was taking. According to Clark, Pastore also told her that he knew she does not drink alcohol, although she admitted Pastore (like Sam's Town's other staff) did not interact socially with her.

After speaking with Clark, Pastore passed along the name of the green tea and medications Clark was taking to Sam's Town's safety and loss manager, Greg Lacki, who was handling the investigation. Lacki, in turn, provided the information to Quest to determine whether these items could

---

[1] Clark does not challenge Sam's Town's substance abuse and testing policy or her testing pursuant to it. Clark received a copy of Sam's Town's policy when she was hired, attended a training class on Sam's Town's policy, and understood that she too could be fired if she failed a test. Prior to the events forming the basis of this lawsuit, Clark was subjected to testing pursuant to Sam's Town policy at least once and tested negative for drugs and alcohol.

account for the positive alcohol sample. Quest then conducted an additional test for glucose levels in an attempt determine whether Clark's diabetes (for which she was taking medication) could account for the positive alcohol sample.

On August 28, Clark visited an orthopedist who confirmed the initial diagnosis of a fractured ankle. The orthopedist recommended as a treatment plan that Clark wear a boot; remain off work, on bed rest, with her foot elevated; and use a walker to move around her house.

On September 12, Lacki spoke with a lab scientist from Quest who told him that (1) neither the green tea nor the medications Clark was using could account for the positive alcohol sample; (2) "there is no physical evidence to indicate the excess alcohol in her system was due to her diabetes" because her glucose levels were in the normal range; and (3) the urine test for alcohol was more reliable than the blood test for alcohol because "it registers alcohol in the system up to 24 hours earlier" and is generally "used in court, not blood tests." When Lacki told Pastore that the green tea and medications Clark was using could not account for the positive alcohol sample, Pastore made the decision to fire Clark. On September 23, Sam's Town's human resources department notified Clark—who had been cleared by her orthopedist three days prior to work from a seated position, but was still out of work and receiving workers' compensation benefits for her fractured ankle—of the termination decision.

Following her termination, Clark made several return visits to her orthopedist, with the orthopedist noting steady improvement each time. Clark was ambulatory and walking with only a light brace by her visit on October 25, 2013, and was fully healed by her final visit on January 13, 2014, less than five months after her accident.

Clark obtained her right to sue letter from the Equal Employment Opportunity Commission on June 25, 2014, and filed the instant suit against

No. 16-60167

Sam's Town on September 18, 2014, alleging that Sam's Town violated the Americans with Disabilities Act (ADA).[2]   Clark asserted that one of the medications she was taking for her diabetes, Metformin, impacted the alcohol levels in her urine.  She further asserted that Sam's Town knew or should have known that she did not drink alcohol, but it nevertheless used the positive alcohol sample "to be rid of [Clark] because she had a disability"—namely, a fractured ankle.  Sam's Town moved for summary judgment, and the district court granted Sam's Town's motion.  The district court found that Clark failed to establish that she was, in fact, disabled and thus failed to make out a prima facie case of discrimination under the ADA.  The district court further found that, even if Clark had made out a prima facie case of discrimination, Clark failed to show that Sam's Town's legitimate, non-discriminatory reason for her firing—the positive alcohol sample—was pretext for discrimination.  Clark timely appealed.

## II.  STANDARD OF REVIEW

We review a district court's grant of summary judgment de novo, viewing "all facts and evidence in the light most favorable to the non-moving party." *Juino v. Livingston Parish Fire Dist. No. 5*, 717 F.3d 431, 433 (5th Cir. 2013). Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A genuine dispute of material fact exists when the "evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Royal v. CCC & R Tres Arboles, L.L.C.*, 736 F.3d 396, 400 (5th Cir. 2013) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

---

[2] Clark also filed suit against Quest, but conceded Quest's motion to dismiss for failure to state a claim and stipulated to its dismissal.

5

No. 16-60167

## III. DISCUSSION

The ADA prohibits employers from terminating employees "on the basis of disability." 42 U.S.C. § 12112(a). Here, Clark elected to establish her discriminatory-termination claim under the burden-shifting framework articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See EEOC v. LHC Grp., Inc.*, 773 F.3d 688, 694 (5th Cir. 2014). This framework required Clark to first establish a prima facie case of discrimination. *Id.* To prove her prima facie case, Clark was required to prove that (1) she had a disability; (2) she was qualified for the job she held; and (3) she was subject to an adverse employment decision on account of her disability. *Id.* at 697. On appeal, the parties disagree on the first element, without contesting the second or third. Specifically, they dispute whether a simple ankle fracture, completely healed in less than five months, constitutes a disability under the ADA.

Clark concedes that "[p]rior to the ADA Amendments Act of 2008, . . . it was clear that 'temporary, non-chronic impairments of short duration, with little or no long term impact' such as 'broken limbs,' were not considered disabilities under the ADA." *Silva v. City of Hidalgo*, 575 F. App'x 419, 423 n.2 (5th Cir. 2014) (per curiam) (unpublished) (quoting 29 C.F.R. pt. 1630 app., § 1630.2(j) (1998)); *see also EEOC v. Chevron Phillips Chem. Co.*, 570 F.3d 606, 619 (5th Cir. 2009). But she argues that the Amendments Act was passed with the stated purpose of "reject[ing]" what Congress considered narrow interpretations of a "disability" and "reinstating a broad scope of protection" under the ADA, Pub. L. No. 110–325, § 2(b), 122 Stat. 3553, 3554 (2008), and that such impairments qualify as disabilities under the current EEOC regulations and interpretative guidance implementing the Amendments Act. *See* 29 C.F.R. pt. 1630 app., § 1630.2(j)(1)(ix) (2013) (recognizing that a "back impairment that results in a 20-pound lifting restriction that lasts several months" may satisfy the definition of a disability). The district court, Clark

6

contends, failed to recognize this fact, improperly relying on pre-Amendments Act case law and regulations.

Sam's Town counters that, even under the current EEOC regulations and interpretative guidance, only "sufficiently severe" temporary impairments may qualify as disabilities. 29 C.F.R. pt. 1630 app., § 1630.2(j)(1)(ix) (2013). According to Sam's Town, the district court properly focused on the severity, or lack of severity, of Clark's injury and found it was not sufficiently severe to rise to the level of a disability, even under the broadened definition of the Amendments Act.

Assuming *arguendo* that Clark is correct that she was, in fact, disabled at the time of her firing, the district court was nonetheless correct in granting summary judgment.[3]   Sam's Town has articulated a legitimate, non-discriminatory reason for firing her: the positive alcohol sample. *See Raytheon v. Hernandez*, 540 U.S. 44, 53 (2003). Therefore, to survive summary judgment under the *McDonnell Douglas* framework, Clark was required to "offer sufficient evidence to create a genuine issue of material fact . . . that [Sam's Town's] reason is not true, but is instead a pretext for discrimination." *LHC Grp.*, 773 F.3d at 702 (quoting *Rachid v. Jack In The Box, Inc.*, 376 F.3d 305, 312 (5th Cir. 2004)); *see also Pinkerton v. Spellings*, 529 F.3d 513, 518–19 (5th Cir. 2008) (per curiam).[4]

---

[3] We need not, and do not, resolve the question of whether Clark was, in fact, disabled at the time of her accident.

[4] This court has also recognized a mixed-motives alternative, whereby a plaintiff can survive summary judgment by offering "sufficient evidence to create a genuine issue of material fact . . . that the defendant's reason, while true, is only one of the reasons for its conduct, and another motivating factor is the plaintiff's protected characteristic." *LHC Grp.*, 773 F.3d at 702 (quoting *Rachid*, 376 F.3d at 312). In the district court, both parties questioned whether the mixed-motives alternative survived the Supreme Court's decision in *Gross v. FBL Financial Services, Inc.* 557 U.S. 167 (2009). *Compare LHC Grp.,* 773 F.3d at 702 (applying mixed-motives alternative without addressing *Gross*), *with, e.g., Lewis v. Humboldt Acquisition Corp.,* 681 F.3d 312, 318–21 (6th Cir. 2011) (en banc) (concluding that mixed-motives claims are not viable under the ADA in light of *Gross*). We need not, and do

No. 16-60167

When considered as a whole, we find that the evidence presented would not allow a reasonable jury to find that Sam's Town's proffered reason for firing Clark—the positive alcohol sample—was pretext for discrimination.  Pretext for discrimination may be established "either through evidence of disparate treatment or by showing that the employer's proffered explanation is false or 'unworthy of credence.'" *Laxton v. Gap Inc.*, 333 F.3d 572, 578 (5th Cir. 2003) (quoting *Wallace v. Methodist Hosp. Sys.*, 271 F.3d 212, 220 (5th Cir. 2001)). Clark has not shown she was treated differently than any other employee; at least since 2009, Sam's Town has fired every employee who has tested positive for drugs or alcohol.  Further, Clark has not shown that Sam's Town's proffered reason is false; her urine sample was positive for alcohol.  Instead, Clark contends that Sam's Town's proffered reason is unworthy of credence because there is a paucity of evidence indicating she was consuming alcohol at work. To explain her positive result, Clark posits that the alcohol in her sample was attributable to her use of Metformin.  But she has not presented any evidence to that effect.  And even if she had, she still would not have necessarily prevailed in establishing pretext.

---

not, resolve that question here because Clark has relegated her discussion of the mixed-motives alternative on appeal to a single footnote and has not provided any separate or additional evidence or argument in support of that alternative.  Thus, Clark has waived any argument as to a mixed-motives alternative.  *See Arbuckle Mountain Ranch of Tex., Inc. v. Chesapeake Energy Corp.*, 810 F.3d 335, 339 n.4 (5th Cir. 2016) ("Arguments subordinated in a footnote are 'insufficiently addressed in the body of the brief,' and thus waived." (quoting *Bridas S.A.P.I.C. v. Turkm.*, 345 F.3d 347, 356 n.7 (5th Cir. 2003))).  In any event, the result in this case would remain the same if we considered a mixed-motives alternative because a reasonable jury could not conclude that Clark's alleged disability—her fractured ankle—was a motivating factor in Sam's Town's decision to fire her for essentially the same reasons a reasonable jury could not infer that Sam's Town's proffered reason was pretext for discrimination.  *See Keelan v. Majesco Software, Inc.*, 407 F.3d 332, 341 n.2 (5th Cir. 2005) (recognizing that evidence was insufficient to establish a fact issue on whether discrimination was a motivating factor in discharge "for the same reasons" it did not establish a fact issue on whether the employer's proffered reason was pretext for discrimination).

8

No. 16-60167

The focus of the pretext inquiry is not whether the alcohol in Clark's sample was, in fact, attributable to her improper consumption of alcohol, but whether Sam's Town reasonably believed it was and acted on that basis. *See Waggoner v. City of Garland*, 987 F.2d 1160, 1165–66 (5th Cir. 1993) ("[T]he inquiry is limited to whether the employer believed the allegation in good faith and whether the decision to discharge the employee was based on that belief."); *Cervantez v. KMGP Servs. Co.*, 349 F. App'x 4, 10 (5th Cir. 2009) (per curiam) (unpublished) ("[A] fired employee's actual innocence of his employer's proffered accusation is irrelevant as long as the employer reasonably believed it and acted on it in good faith."); *see also Bailey v. Real Time Staffing Servs., Inc.*, 543 F. App'x 520, 524 (6th Cir. 2013) (unpublished); *Keys v. Foamex, L.P.*, 264 F. App'x 507, 513 (7th Cir. 2008) (unpublished); *Graham v. Long Island R.R.*, 230 F.3d 34, 44 (2d Cir. 2000). Clark has failed to show that it was unreasonable for Sam's Town to rely upon her positive alcohol sample in making its decision to fire her.

Sam's Town "went through a reasoned process" to determine whether there was a plausible account (other than Clark's having consumed alcohol) for the positive alcohol sample and was told by Quest's lab scientist that there was not. *Bailey*, 543 F. App'x at 524. In the absence of any alternative explanation for the positive result, Sam's Town had to decide whether to credit Clark's statements and its subjective perceptions or to credit the statements of Quest's lab scientist and the objective result of her positive alcohol sample. Sam's Town's decision to credit the latter was reasonable under the circumstances and does not serve to establish pretext. *See Bailey*, 543 F. App'x at 524 ("[The employer's] decision to credit the medical review officer's [story over the plaintiff's] does not support an inference of discriminatory animus."); *Graham*, 230 F.3d at 44 ("Reasonable reliance by an employer on a laboratory test, even where misplaced, does not provide any basis for a jury to find pretext."); *see*

9

No. 16-60167

*also, e.g.*, *Hunter v. Union Pac. R.R. Co.*, No. H-11-3408, 2013 WL 3229910, at *7–9 (S.D. Tex. June 25, 2013); *Grant v. Select Specialty Hosp.–S. Dall., Inc.*, No. 3:09-CV-1303-K, 2010 WL 3606029, at *3 (N.D. Tex. Sept. 15, 2010); *Hall v. Smurfit–Stone Container Enters., Inc.*, No. 3:07-CV-0501-G, 2008 WL 3823252, at *4–5 (N.D. Tex. Aug. 14, 2008). Irrespective of whether Sam's Town's decision was the proper one, Clark has not shown that it was one motivated by discrimination, let alone discrimination on the account of a disability. Accordingly, the district court properly granted summary judgment on Clark's ADA claim. *See Bryant v. Compass Grp. USA Inc.*, 413 F.3d 471, 478 (5th Cir. 2005) ("Management does not have to make proper decisions, only non-discriminatory ones."); *see also LeMaire v. La. Dep't of Transp. & Dev.*, 480 F.3d 383, 391 (5th Cir. 2007).

## IV. CONCLUSION

In sum, we agree with the district court that Sam's Town is entitled to an award of summary judgment. Therefore, the judgment of the district court is AFFIRMED.