# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 17, 2022

Lyle W. Cayce
Clerk

No. 21-20479

Richard Gamel,

*Plaintiff—Appellant*,

*versus*

Forum Energy Technologies, Incorporated,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:19-CV-3604

Before Davis, Smith, and Engelhardt, *Circuit Judges*.
Per Curiam:*

In this appeal, Richard Gamel challenges the summary judgment rendered against him on his claims for discriminatory discharge and failure to accommodate in violation of the Americans with Disabilities Act ("ADA"). We AFFIRM.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-20479

## I.

Gamel was a four-year employee of Forum Energy Technologies, Inc. ("Forum") and worked as a machinist. In 2017, his Hepatitis C, which had been dormant, became active and caused Gamel to suffer extreme fatigue. He was hospitalized from September 22-24, 2017, and placed on prescription medication. On October 16, 2017, two of Gamel's co-workers reported that Gamel was acting strangely.[1] Production Manager Dan Bergerson asked Gamel to submit to a drug test, and Gamel agreed. The drug test was conducted by a third-party vendor, DISA Global Solutions, which routinely conducts employee-related drug tests and provides certified results to Forum. DISA reported that Gamel's drug test came back positive for amphetamine and methamphetamine.

In accordance with Forum's Substance Abuse Policy, Gamel was given the opportunity to discuss his positive drug test results with a Medical Review Officer ("MRO") from DISA to determine any legitimate medical explanation for the positive drug test result. On October 21, 2017, the MRO interviewed Gamel to discuss the results. The MRO's notes reflect that Gamel stated that he never used amphetamine or methamphetamine and that he was taking the following prescription medications: Lasix, Advair, and a medication for Hepatitis C. Gamel contended that the prescription medication caused a false positive drug test result.

---

[1] Gamel asserts that one of the employees confessed to him that she and a few others were asked, or forced, to say that Gamel was acting erratically, and that the district court erred in excluding his deposition testimony regarding the employee's alleged confession. Assuming without deciding that the district court erred, Gamel's testimony did not create a genuine issue of material fact regarding pretext for his discharge. The employee's alleged confession related to the reasons why Gamel was requested to submit to a drug test. Forum's decision to discharge Gamel was based on the results of the test, not his alleged behavior before submitting to the test.

2

No. 21-20479

Gamel testified that after telling the MRO what medication he was taking, the MRO asked Gamel if he would be "willing to retake the test." Gamel further stated in his deposition that after he replied yes, the MRO instructed him to contact Forum's human resources department and that he (the MRO) would "just be waiting for an e-mail."[2] Gamel asserts that he subsequently contacted Forum's human resources representative Mandy Suttles by email and left a voicemail requesting permission to retake the test, but that no one from Forum ever responded. The MRO subsequently verified that Gamel's drug test was positive for amphetamine and methamphetamine and reported the certified results to Forum. On October 24, 2017, Forum sent Gamel a letter stating that his employment was being terminated based on the confirmed positive drug test result, which constituted a violation of Forum's Substance Abuse Policy.

Gamel subsequently filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). He alleged that Forum discriminated against him when it terminated his employment based on the positive drug test result. Gamel contended that Forum knew he was on prescription medication for a disability and that Forum "took no steps to insure that the drug test would not simply detect the prescription drugs." He further asserted that "[t]he drug test detected [his] prescriptions and generated a false positive." Gamel alleged that although the drug testing

---

[2] Gamel argues that the district court erred in excluding as hearsay his testimony that after informing the MRO of his prescription medication, the MRO told him he could be retested and that he should contact Forum for permission to retest. Gamel asserts that the MRO did not make a "statement" but instead gave "an instruction" or "verbal act," which is not hearsay. But he relies on a case in which this court held that "threats" made by the defendants were not "factual statements" and therefore did not qualify as hearsay. *See Tompkins v. Cyr*, 202 F.3d 770, 779 n.3 (5th Cir. 2000). That case is inapposite as the MRO's statements here were clearly not threats.

company offered to retest him, and he agreed, a retest never happened. The EEOC later issued Gamel a right-to-sue letter.

Gamel then filed this lawsuit against Forum, alleging that Forum discriminated against him on the basis of a disability—Hepatitis C—in violation of the ADA by discharging him based on a drug test that generated a false positive from his prescription medication. He further alleged that Forum failed to accommodate him by allowing the use of prescription medication. In subsequent pleadings, Gamel contended that Forum failed to accommodate him by not allowing him to retest.

Gamel moved for partial summary judgment, arguing that he has a disability—Hepatitis C—within the meaning of the ADA, which the district court denied. Forum moved for complete summary judgment seeking dismissal of all of Gamel's claims, which the district court granted. Gamel timely appealed.

## II.

This court reviews the district court's grant of summary judgment de novo.[3] Under Rule 56(a), a movant is entitled to summary judgment when it demonstrates that there is no genuine dispute as to any material fact and it is entitled to judgment as a matter of law. "A genuine dispute of material fact exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[4] The only issue presented in this *McDonnell-Douglas*[5] burden-shifting case is whether Gamel produced sufficient summary-judgment evidence to show that the stated reason for his termination–the

---

[3] *Kitchen v. BASF*, 952 F.3d 247, 252 (5th Cir. 2020).

[4] *Id.* (internal quotation marks and citation omitted).

[5] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

confirmed positive drug test–was a pretext for a discriminatory discharge and failure to accommodate. When an alcohol or drug test is the legitimate, non-discriminatory reason for the employee's firing, this court has held that the "focus of the pretext inquiry is not whether the [drug] test was accurate but whether [the employer] reasonably believed its non-discriminatory reason for discharging [the employee] and then acted on that basis."[6]

Gamel argues that in determining that he failed to satisfy his burden as to pretext, the district court did not consider "key pieces of evidence" he presented and that the district court erroneously excluded certain evidence as inadmissible hearsay. He points to his deposition testimony in which he recounted a conversation he had with Bergerson and Dagoberto Alvarado (Gamel's work lead), in which Bergerson allegedly stated that he did not care about Gamel's health situation, that he would never give Gamel "special treatment," and that Gamel should not "even ask [him] to accommodate whatever [Gamel was] asking." This conversation took place after Gamel had returned to work following his hospitalization. Bergerson called the meeting to discuss Gamel's tardiness for work. Gamel contends that during this conversation Alvarado disclosed that Gamel had Hepatitis C.

Although this conversation shows that Bergerson was made aware of Gamel's diagnosis, Gamel still had to come forward with sufficient evidence to show that his Hepatitis C played a role in his firing. As noted by one of our sister circuits, "[m]ere knowledge of a disability cannot be sufficient to show pretext."[7] Furthermore, while Bergerson's statements are not favorable to Forum regarding the willingness of its management to work with employees

---

[6] *Kitchen*, 952 F.3d at 253 (citing *Waggoner v. City of Garland*, 987 F.2d 1160, 1165-66 (5th Cir. 1993)).

[7] *See Christopher v. Adam's Mark Hotels*, 137 F.3d 1069, 1073 (8th Cir. 1998).

experiencing health problems, the statements do not touch on the core pretext issue in this case—whether Forum reasonably believed its non-discriminatory reason for discharging Gamel, a confirmed positive drug test result.[8]

Gamel produced no summary-judgment evidence that any prescription drugs he was taking would have caused a false positive drug test. He argues that Forum knew he needed to be retested because he was taking prescription medication for his disability, but this argument assumes that somehow Forum knew that the prescription medication would render a false positive. There is simply no evidence that anyone at Forum would know this.[9] Moreover, the evidence in the record is to the contrary. After talking with Gamel regarding any medicine he took that might explain the initial positive result, the MRO confirmed that the drug test was positive for amphetamines and methamphetamine. While Gamel argues that this is "ridiculous," there is nothing to suggest that it was unreasonable for Forum to rely on the confirmed positive drug test result.[10]

Finally, as to Gamel's claim that Forum failed to reasonably accommodate him by allowing him to retest, accommodation was not

---

[8] *Kitchen*, 952 F.3d at 253.

[9] In a Sixth Circuit case, *Bailey v. Real Time Staffing Serv., Inc.*, 543 F. App'x 520 (6th Cir. 2013), the plaintiff similarly argued that his drug test was false due to the HIV medication he was taking and that his employer knew it was false because of that medication. But, like Gamel, the plaintiff submitted no evidence supporting his assertions.

[10] In *Clark v. Boyd Tunica, Inc.*, 665 F. App'x 367, 371 (5th Cir. 2016), the plaintiff similarly argued that a confirmed positive alcohol sample was attributable to the medication she took for her diabetes. Although the plaintiff denied consuming alcohol and employer's staff recognized that it would be "out of character" for the plaintiff, this court held that the employer's decision to credit the objective result of the positive alcohol sample over the plaintiff's statements and its own staff's subjective perceptions "was reasonable under the circumstances and [did] not serve to establish pretext." *Id.* at 372.

No. 21-20479

warranted in light of our holding that it was reasonable for Forum to discharge Gamel based on the confirmed positive drug test result.

## III.

For the foregoing reasons, and those stated in the thorough, careful opinion of the district court, we AFFIRM.