# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 4, 2021

Lyle W. Cayce
Clerk

No. 20-30332

Justin Moore,

*Plaintiff—Appellant*,

*versus*

Centralized Management Services, L.L.C.; Episode Solutions, L.L.C.,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:19-cv-01592

Before Stewart, Higginson, and Wilson, *Circuit Judges*.

Per Curiam:*

A discharged employee sued his former employer alleging discrimination under the Americans with Disabilities Act. The district court granted the former employer's motion for summary judgment. We AFFIRM.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-30332

## I.

Justin Moore began working for Centralized Management Services, LLC and Episode Solutions, LLC in August 2017 (collectively, "CMS").[1] CMS develops and manages payment structures for musculoskeletal care in partnership with doctors and hospitals. Hoping to expand into the New Orleans market, CMS hired Moore in a business-development role. Moore's responsibility was to foster relationships with physicians and hospitals in the New Orleans area.

From nearly its inception, Moore's employment at CMS was rife with trouble. Angela Jones, Moore's boss and CMS's Vice President of Business Development, became increasingly frustrated by his performance and began keeping a list detailing Moore's shortcomings. Jones memorialized her list in an email Jones sent on September 22 to CMS's HR consultant and Vail Willis, the Chief Operating Officer of CMS. According to Jones, Moore failed to complete assignments, respond to emails, communicate with his supervisors and clients, or generally help CMS expand into the New Orleans market.

The record shows that on September 21 and 22, Moore failed to respond to emails from Jones and Willis. But Moore sent text messages on September 22 to CMS's HR consultant asking whether his disclosure of a "health issue" would remain confidential. Despite his inquiry, Moore did not disclose to HR what health issue he was experiencing.

The next day, Jones sent another email to Willis, recommending that Moore be terminated:

---

[1] CMS is a wholly-owned affiliate of Episode. Because the distinction is not relevant here, we will not differentiate and refer to both as CMS.

2

No. 20-30332

> [Moore] basically did nothing last week.
>
> I do not think [he] is a good fit for the role in New Orleans. We need a team player that can balance a sprint and process to get us to the end results we are looking for. [He] has shown no effort in this market since the beginning of his employment.
>
> You and I are both very understanding if indeed these were family issues, but in an employment role you have to communicate if you are not going to be available to attend work meetings and deadlines.
>
> [Moore's] actions were exactly in line with insubordination and should be reflective in a termination.

When Jones sent this email, she was not aware that Moore had communicated with the HR consultant. In response to additional email inquiries from Jones and Willis, Moore said that the week had presented "a challenge." Two days later, Willis sent Moore an email saying that it was necessary that they coordinate a phone call to discuss Moore's lack of performance. Moore skipped the call.

On September 26, Moore disclosed to HR that he was an alcoholic, had a relapse, and had checked himself into a facility. He then sent an email to Jones and Willis disclosing the same. Moore underwent inpatient treatment until October 27. Upon his return, Moore was terminated for poor performance.

In February 2019, Moore filed this action against CMS, alleging a violation of the Americans with Disabilities Act. Moore asserted that he was terminated because of a protected disability, i.e., alcoholism and his effort to obtain treatment. CMS filed a motion for summary judgment contending that Moore failed to establish a *prima facie* case of discrimination. The district court granted CMS's motion, concluding: (1) Moore failed to show that *his* alcoholism constitutes a disability under the ADA; (2) CMS could (and did) terminate Moore for poor performance even if it was caused by his

alcoholism; and (3) Moore failed to show that his supervisors regarded him as disabled.

Moore then filed a motion for reconsideration, contending summary judgment was improper because the ruling was based on outdated law, the record contained genuine disputes of material fact, and the court failed to consider two sources of previously unavailable evidence. The court denied Moore's motion, and this appeal followed. Before us, Moore challenges both rulings.

## II.

### A.     *Summary judgment on ADA claim*

Moore first challenges summary judgment on his ADA claim. We review a district court's summary judgment *de novo*. *EEOC v. LHC Grp., Inc.*, 773 F.3d 688, 694 (5th Cir. 2014). In doing so, we view the facts in the light most favorable to the non-moving party and apply the same standards as the district court. *Id.* Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The Americans with Disabilities Act prohibits discrimination against an employee "on the basis of disability in regard to . . . discharge of employees." 42 U.S.C. § 12112(a). To make a *prima facie* case of discriminatory termination, Moore must show: (1) he has a disability, or was regarded as disabled; (2) he was qualified for the job; and (3) he was subject to an adverse employment decision on account of his disability. *Cannon v. Jacobs Fields Servs. N.A., Inc.*, 813 F.3d 586, 590 (5th Cir. 2016). If he makes this showing, a presumption of discrimination arises, which his employer can

rebut with a "legitimate non-discriminatory reason for the adverse employment action." *Id.* If the employer does so, then the burden returns to Moore to show that this reason was pretextual. *Id.*

Here, the district court determined that Moore failed to establish the first and third elements of a *prima facie* case for discriminatory termination—i.e., that Moore's alcoholism constituted a disability under the ADA and that CMS terminated Moore *on account of* his alcoholism. We may affirm the district court "for any reason supported by the record[.]" *Clarkson v. White*, 943 F.3d 988, 992 (5th Cir. 2019). Accordingly, "[w]e need not discuss each step in the shifting evidentiary presentation" and may affirm if Moore failed to meet his burden on any one of the elements in the burden-shifting framework. *Kitchen v. BASF*, 952 F.3d 247, 253 (5th Cir. 2020) (affirming dismissal of ADA claim because plaintiff "offered no evidence of a causal connection between his discharge and his alcoholism").

On appeal, most of Moore's brief challenges the district court's determination that Moore failed to show that his alcoholism constitutes a disability under the ADA. But, as stated *supra*, the district court also concluded that CMS terminated Moore for poor performance (and not on account of his alcoholism). Because we discern no error in the district court's determination in this regard, we need not address whether Moore's alcoholism constituted a disability under the ADA. *Clarkson*, 943 F.3d at 992.

Moore contends that the district court erred in concluding that CMS terminated him for poor performance. According to Moore, the evidence does not support this conclusion, and the district court merely cited an argument from CMS's memorandum in support of summary judgment. But the record shows otherwise.

On September 22, CMS Vice President Jones, Moore's immediate supervisor, sent COO Willis and HR a list of issues that had arisen with

Moore. This list included lack of communication, failure to respond to emails, and failure to provide required reports. On September 23, Jones recommended to Willis that Moore be terminated for his lack of effort and insubordination. These communications occurred before Jones and Willis were even aware of Moore's alcoholism.

Moore, on the other hand, offered no evidence genuinely to dispute that CMS terminated him for poor performance. To be clear, Moore's mere disagreement with CMS's assessment of his performance is not enough. *See Benjamin v. Felder Servs., LLC*, 753 F. App'x 298, 302 (5th Cir. 2018) ("[E]ven an incorrect belief that an employee's performance is inadequate constitutes a legitimate, non-discriminatory reason." (quoting *Little v. Republic Ref. Co.*, 924 F.2d 93, 97 (5th Cir. 1991)). Beyond that, Moore failed to present any evidence that CMS terminated him *because* of his alcoholism. In other words, the record is devoid of any evidence that Moore's "discharge was based on any discriminatory animus against him as an alcoholic." *Kitchen*, 952 F.3d at 253. Because Moore has not met the third element required to state a *prima facie* case of discriminatory termination, his ADA claim cannot pass muster. *Cannon*, 813 F.3d at 590.

Assuming *arguendo* that Moore substantiated a *prima facie* case of discriminatory termination, CMS still provided a "legitimate non-discriminatory reason for the adverse employment action"—poor performance. *Cannon*, 813 F.3d at 590. Indeed, "[t]erminating an employee whose performance is unsatisfactory according to management's business judgment is legitimate and nondiscriminatory as a matter of law." *LHC Grp., Inc.*, 773 F.3d at 701–02. And "[t]he ADA explicitly allows an employer to 'hold an employee who . . . is an alcoholic to the same . . . standards for . . . job performance and behavior that such entity holds other employees, even if any unsatisfactory performance or behavior is related to the . . . alcoholism of such employee.'" *Sullivan v. Neiman Marcus Grp., Inc.*, 358 F.3d 110, 115–

No. 20-30332

16 (1st Cir. 2004) (quoting 42 U.S.C. § 12114(c)). In response, Moore failed to present any evidence to show that CMS's legitimate, non-discriminatory reason for terminating him was pretextual. *See Kitchen*, 952 F.3d at 253 (explaining pretext is shown "through evidence of disparate treatment or by showing [the employer's] explanation was false or unbelievable"). For this reason as well, summary judgment as to Moore's ADA claim was proper.

Moore did not show any genuine dispute of material fact as to at least the third element of a *prima facie* ADA claim for discriminatory termination. He likewise offered no evidence that CMS's termination of Moore for poor performance was pretextual. For each of these reasons, summary judgment was warranted.

### B.    *Moore's motion to reconsider*

Next, Moore challenges the district court's denial of his motion for reconsideration.[2]   We review the denial of a Rule 59(e) motion for reconsideration for abuse of discretion. *In re Life Partners Holdings, Inc.*, 926 F.3d 103, 128 (5th Cir. 2019). Moore contends that the district court abused its discretion in denying his motion by relying on Fifth Circuit caselaw that predated 2008 amendments to the ADA; refusing to consider medical records Moore had recently obtained, which he asserted established that his alcoholism constituted a disability; and granting summary judgment while a magistrate judge was reviewing *in camera* documents subject to a pending motion to compel. Motions for reconsideration based on newly-discovered evidence should not be granted unless: "(1) the facts discovered are of such a nature that they would probably change the outcome; (2) the facts alleged

---

[2] Moore titled his post-judgment motion as a "Motion for New Trial and/or Motion to Alter or Amend Judgment." Regardless of the motion's title, the district court was correct to review Moore's motion as one to reconsider summary judgment under Rule 59(e). *See Piazza's Seafood World, LLC v. Odom*, 448 F.3d 744, 748 n.9 (5th Cir. 2006).

are actually newly discovered and could not have been discovered earlier by proper diligence; and (3) the facts are not merely cumulative or impeaching." *Ferraro v. Liberty Mut. Fire Ins. Co.*, 796 F.3d 529, 534 (5th Cir. 2015).

As an initial matter, we do not express a view as to the first two points of Moore's motion for reconsideration. Although those arguments were relevant to the district court's determination of whether Moore showed that his alcoholism constituted a disability, we decide this appeal without reaching that issue. Accordingly, we need not address those portions of Moore's motion for reconsideration.

However, Moore's third contention—that the district court abused its discretion by granting summary judgment while a magistrate judge was reviewing *in camera* documents subject to a pending motion to compel— merits discussion. According to Moore, the district court erred in denying his motion for reconsideration because these communications "could [have] contain[ed] evidence" relevant to his claim.

Contrary to Moore's contention, we cannot say that the district court abused its discretion in determining that Moore failed diligently to pursue avenues to make these communications available before the court entered summary judgment. Indeed, despite making other discovery requests in September 2019, Moore did not seek discovery of the subject email communications until December 2019. CMS responded on January 22, 2020, but withheld certain privileged communications, including the documents at issue. CMS provided its privilege log on January 29. Three weeks elapsed before Moore filed a motion to compel discovery of those communications on February 19, just two days before the close of discovery, and nine days before the district court granted CMS's motion for summary judgment.

Although Moore sought an expedited ruling from the magistrate judge on his motion to compel, Moore never requested that the district court delay ruling on summary judgment. And the district court later determined that Moore failed to pursue ways to make the communications available before summary judgment was rendered. The court explained that Moore's "conclusory speculation" about the content of the documents was not enough to overcome his lack of diligence.

On appeal, Moore does not explain why the district court was wrong in determining that Moore did not diligently seek the email communications. Nor can we discern any error. Moore did not ask for these communications in his September 2019 discovery requests, and instead waited until December 2019 to do so. Moore obtained the privilege log on January 29, but he waited until February 19—two days before the close of discovery—to file his motion to compel. Furthermore, he never asked the district court to delay ruling on summary judgment during the pendency of the motion to compel. We are reminded that the "district court had 'broad discretion in all discovery matters.'" *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 855 (5th Cir. 2000). Thus, we cannot conclude that the district court abused its discretion in ruling that Moore was not diligent and denying Moore's motion for reconsideration on that basis.

For these reasons, the district court properly dismissed Moore's ADA claim and did not err in denying his motion for reconsideration.

AFFIRMED.