# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 19, 2021

Lyle W. Cayce
Clerk

No. 18-20511
Summary Calendar

Toya Gibson,

*Plaintiff—Appellant*,

*versus*

Wayfair, Incorporated,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:17-CV-2059

Before Smith, Stewart, and Graves, *Circuit Judges*.

Per Curiam:*

Pro se Toya Gibson appeals the district court's grant of summary judgment against Wayfair, Incorporated (Wayfair). Gibson sought damages based on Wayfair's alleged violation of the Americans with Disabilities Act (ADA), Title VII of the Civil Rights Act of 1964, and the Genetic Information

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 18-20511

Nondiscrimination Act (GINA) of 2008. The district court granted summary judgment for Wayfair, whose summary judgment evidence showed that it terminated Gibson when she accumulated more than ten (10) attendance points in violation of its no-fault attendance policy.

We review the district court's grant of summary judgment de novo. *EEOC v. LHC Grp.,* 773 F.3d 688, 694 (5th Cir. 2014). "Summary judgment is appropriate if 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* (quoting FED. R. CIV. P. 56(a)). We must "draw all reasonable inferences in favor of the nonmoving party." *Id.* (internal quotation marks and citation omitted).

Gibson contends that because a dental problem interfered with her ability to speak and speaking was necessary for her to perform her job, the ADA required Wayfair to accommodate absences related to her dental problem and that Wayfair could not assess attendance points for them. The "burden-shifting analysis" set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973), requires that Gibson first establish "a prima facie case of discrimination." *LHC Grp.,* 773 F.3d at 694. Even if Gibson had a disability for purposes of the ADA, the summary judgment evidence fails to show that Wayfair treated her adversely on account of her dental problem. *See id.* at 695, 697. In other words, the record is devoid of evidence that Gibson's termination was based on any discriminatory animus against her because she could not speak. *See Kitchen v. BASF*, 952 F.3d 247, 253 (5th Cir. 2020). Nor does Gibson make a prima facie case for failure to accommodate her, as the summary judgment evidence showed that Gibson's purported disability was not known to Wayfair. *See Credeur v. Louisiana Through Office of Attorney Gen.*, 860 F.3d 785, 792 (5th Cir. 2017).

Gibson also argues that Wayfair discriminated against her based on her Christian-based favorable treatment of customers who returned merchandise. Here, too, we apply the "*McDonnell Douglas* burden-shifting framework" under which Gibson "must first establish a prima facie case of discrimination." *Heggemeier v. Caldwell Cty.*, 826 F.3d 861, 867 (5th Cir. 2016).

To make a prima facie case, Gibson was required to, among other things, show that she "was replaced by someone outside [her] protected group or was treated less favorably than other similarly situated employees outside the protected group." *Morris v. Town of Independence*, 827 F.3d 396, 400 (5th Cir. 2016) (internal quotation marks and citation omitted). Although Gibson argues that another employee received favorable treatment with respect to being granted absences, Gibson has not provided evidence that the employee was not a Christian or that the employee was similarly situated to Gibson. *See Heggemeier*, 826 F.3d at 868. Further, Wayfair's summary judgment evidence showed it terminated at least seven other employees at the Texas call center for accumulating more than 10 attendance points. *See id.*

Gibson argues that Wayfair unlawfully discriminated against her by creating a hostile work environment after it learned that her father had a stroke and her mother was mentally ill. Under GINA, an employer is prohibited from discriminating or taking adverse actions against an employee "because of genetic information with respect to the employee." 42 U.S.C. §§ 2000ff–1(a)(1); *Ortiz v. City of San Antonio Fire Dep't*, 806 F.3d 822, 826 (5th Cir. 2015). Gibson points to no evidence to overcome the district court's determination that she failed to exhaust her administrative remedies as to her claim relating to her father's medical condition. *See* 42 U.S.C. § 2000ff–6(a)(1); *Taylor v. Books A Million*, 296 F.3d 376, 378-79 (5th Cir. 2002). Moreover, Gibson came forward with no evidence that Wayfair

discriminated against her based on her genetic information as it related to her mother's mental health.  *See Ortiz,* 806 F.3d at 826-27.

Gibson's contention that the district court's comments at the initial hearing reflected judicial bias against poverty and Christianity is unavailing. The district court's comments, in context, do not show that it "display[ed] a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 555 (1994).  Also unavailing is Gibson's argument that the district court was required to fund expert witnesses and a stenographer. *See Pedraza v. Jones*, 71 F.3d 194, 196 (5th Cir. 1995).

Gibson has not presented any triable issues of material fact nor has she shown that the district court was unable to make a fair judgment regarding her case.  We AFFIRM the district court's grant of summary judgment.