# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 9, 2022

Lyle W. Cayce
Clerk

No. 22-20064
Summary Calendar

Jacquelyn Carmona,

*Plaintiff—Appellant*,

*versus*

Louis DeJoy, Postmaster General; United States Postal
Service,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:19-CV-4579

Before Davis, Duncan, and Engelhardt, *Circuit Judges*.

Per Curiam:*

Plaintiff-Appellant, Jacquelyn Carmona, challenges the dismissal of her sex discrimination and failure-to-accommodate claims against her employer, Defendants-Appellees the Postmaster General and the United

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 22-20064

States Postal Service ("USPS"). Because Carmona has not presented sufficient evidence to establish a prima facie case of discrimination or failure to accommodate, we AFFIRM.

## I.     Background

Jacquelyn Carmona is a rural mail carrier for USPS. In 2017, Carmona found out she was pregnant. She alleges that in December of that year, she asked her USPS supervisors for an accommodation based on a letter from her doctor stating that during the remainder of her pregnancy she could not lift packages heavier than ten pounds or work more than eight hours a day without a break. USPS denied her requested accommodation. Plaintiff was subsequently placed on leave for the remainder of her pregnancy.

Carmona testified that from December through March she was on paid leave as she used up her remaining annual and sick leave. But she testified that her annual and sick leave "ran out shortly before [she] delivered" her child, and thus part of her leave was unpaid. Carmona returned to work twelve weeks after the birth of her child.

Carmona sued USPS, alleging that it violated Title VII of the Civil Rights Act of 1964 and the Pregnancy Discrimination Act of 1978 by refusing to accommodate her and instead placing her on leave. The district court granted summary judgment in favor of defendants USPS on Carmona's sex discrimination claim and failure-to-accommodate claim. Plaintiff timely appealed.

## II.     Discussion

We review a grant of summary judgment de novo.[1] Summary judgment is proper "if the movant shows that there is no genuine dispute as

---

[1] *Kitchen v. BASF*, 952 F.3d 247, 252 (5th Cir. 2020).

to any material fact and the movant is entitled to judgment as a matter of law."[2]

Title VII makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."[3] The Pregnancy Discrimination Act amended Title VII's definition of the term "because of sex" to include "because of or on the basis of pregnancy, childbirth, or related medical conditions."[4] The second clause of the Pregnancy Discrimination Act requires that "women affected by pregnancy, childbirth, or related medical conditions shall be treated the same for all employment-related purposes . . . as other persons not so affected but similar in their ability or inability to work."[5]

### A. Sex Discrimination Claim

When, as is the case here, plaintiff relies on circumstantial evidence to prove disparate treatment on the basis of sex, she must satisfy the *McDonnell Douglas*'s burden-shifting framework.[6] Under this framework, plaintiff must initially establish a prima facie case of discrimination with evidence that she "(1) is a member of a protected group; (2) was qualified for the position at issue; (3) was discharged or suffered some adverse employment action by the employer; and (4) was replaced by someone outside [her] protected group or

---

[2] Fed. R. Civ. P. 56(a).

[3] 42 U.S.C. § 2000e-2(a)(1).

[4] 42 U.S.C. § 2000e(k).

[5] *Id.*

[6] *Young v. United Parcel Serv., Inc.*, 575 U.S. 206, 228-29 (2015).

No. 22-20064

was treated less favorably than other similarly situated employees outside the protected group."[7]

In this case, the district court concluded that Carmona failed to establish that she suffered from an adverse employment action when USPS placed her on leave. We agree. An adverse employment decision refers to "an employment decision that affects the terms and conditions of employment,"[8] and in the context of discrimination claims, includes only "ultimate employment decisions such as hiring, granting leave, discharging, promoting, or compensating."[9]

Both parties agree that under this Court's precedent in *McCoy v. City of Shreveport*,[10] USPS's decision to place Carmona on *paid* leave is not an adverse employment action.[11] Plaintiff instead contends that she suffered an adverse employment action because she had to use unpaid leave after exhausting her accrued paid leave. But as with paid leave, this Court has similarly held that being placed on temporary unpaid leave is not an ultimate employment decision.[12] Because Carmona has failed to prove that USPS

---

[7] *Morris v. Town of Indep.*, 827 F.3d 396, 400 (5th Cir. 2016) (quoting *Willis v. Cleco Corp.*, 749 F.3d 314, 319-20 (5th Cir. 2014)).

[8] *Thompson v. City of Waco*, 764 F.3d 500, 503 (5th Cir. 2014).

[9] *McCoy v. City of Shreveport*, 492 F.3d 551, 559 (5th Cir. 2007) (citation omitted).

[10] *Id.*

[11] *See id.* at 559 (finding that the "district court properly held that placing [plaintiff] on paid leave—whether administrative or sick—was not an adverse employment action").

[12] *See Barricks v. Minyard Food Stores, Inc.*, No. 98-10147, 1999 WL 47042, *4 (5th Cir. 1999) (unpublished) (holding that the "adverse action of which [plaintiff] complains was that she was placed on an involuntary medical leave of absence" but that such leave "was not an 'ultimate employment decision'"); *Clark v. Charter Commc'ns, L.L.C.*, 775 F. App'x 764, 768 (5th Cir. 2019) (per curiam) (unpublished) (rejecting plaintiff's argument that being placed on unpaid leave was an adverse employment action). Unpublished opinions issued in or after 1996 are "not controlling precedent" except in limited

took an adverse employment action against her, she "cannot make the necessary prima facie case[] of discrimination."[13]

## B. Failure-to-Accommodate Claim

A plaintiff alleging that the denial of an accommodation violates the Pregnancy Discrimination Act can "make out a prima facie case by showing, as in *McDonnell Douglas*, that she belongs to the protected class, that she sought accommodation, that the employer did not accommodate her, and that the employer did accommodate others 'similar in their ability or inability to work.'"[14] Here, the district court concluded that because plaintiff did not present admissible evidence of similarly situated, non-pregnant comparators who were treated more favorably, she was unable to carry her prima facie burden.

We similarly find that plaintiff did not present sufficient evidence to support the fourth element of her prima facie case that defendants accommodated others "similar in their ability or inability to work."[15] Carmona has not shown that defendants provided accommodations to other USPS rural carriers who similarly were unable to work a full eight-hour day and lift objects greater than ten pounds for the same duration as plaintiff.[16]

---

circumstances, but they "may be persuasive authority." *Ballard v. Burton*, 444 F.3d 391, 401 n.7 (5th Cir. 2006).

[13] *McCoy*, 492 F.3d at 557.

[14] *Young*, 575 U.S. at 229.

[15] *Id.*

[16] *See id.* at 224 (noting that for purposes of comparators the language of the statute focuses on "nonpregnant persons with similar disabilities"); *see also Townsend v. Town of Brusly*, 421 F. Supp. 3d 352, 363 (M.D. La. 2019) ("The sole basis for comparison under *Young* is the similarity in the physical restrictions of the employee and need for similar accommodations.").

No. 22-20064

At most, plaintiff has shown that three of her co-workers were not disciplined by USPS management for not completing their routes in certain instances, and two co-workers received some unspecified "package assistance" with "large packages." Plaintiff provided no evidence that any of the above employees requested the same accommodations as plaintiff or were in "nearly identical circumstances" in terms of their inability to perform the tasks of a rural mail carrier.[17]

Accordingly, the district court did not err in finding that Carmona failed to meet the fourth prong of her prima facie failure to accommodate claim.

### III.    Conclusion

For the foregoing reasons and the reasons stated by the district court, the judgment of the district court is AFFIRMED.

---

[17] *See Lee v. Kan. City S. Ry. Co.*, 574 F.3d 253, 260 (5th Cir. 2009); *see also Santos v. Wincor Nixdorf, Inc.*, 778 F. App'x 300, 304 (5th Cir. 2019) (per curiam) (unpublished) (holding that plaintiff did not establish her prima facie case because she had "not shown that any other Wincor employee was similarly unable to work in the office for the same duration and at the same stage of his or her employment.").