# United States Court of Appeals for the Fifth Circuit

---

No. 24-20108
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
August 15, 2024

Lyle W. Cayce
Clerk

Yucob Rylander,

*Plaintiff—Appellant*,

*versus*

Kroger Company; Kroger Texas, L.P.; Ivonne Allen,

*Defendants—Appellees*.

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:22-CV-4260

---

Before Davis, Stewart, and Southwick, *Circuit Judges*.

Per Curiam:[*]

Plaintiff-Appellant, Yucob Rylander, proceeding *pro se* and *in forma pauperis*, sued Defendants-Appellees, the Kroger Company and Kroger Texas, L.P. (collectively "Kroger"), and Ivonne Allen, alleging violations of Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967 ("ADEA"), the Occupational Safety and Health

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-20108

Act ("OSHA"), and Texas Penal Code § 37.02.  The district court granted summary judgment in favor of Defendants, dismissing all of Rylander's claims with prejudice.  For the reasons set forth below, we AFFIRM.

## I.

In October 2018, Kroger hired Rylander, who is African American, to work at its distribution center in Houston, Texas.  At the time of his hiring, Rylander signed and acknowledged various documents outlining Kroger's safety procedures, which specifically require all employees to "report any accident or injury to management immediately."  On the morning of June 23, 2021, while he was operating a forklift, Rylander asserts that "the top of [the] forklift made contact with the lower protective barrier of [a] stairwell." Defendants maintain that Rylander "struck a staircase." While Rylander contends that what occurred did not qualify as an "accident" so he consequently was not required to report it, another worker reported what happened to management. Two days later, Rylander was discharged for failing to report an accident immediately.

On December 9, 2022, Rylander, who states that he was fifty years old at the time of his termination, filed a complaint against Defendants for discriminating and retaliating against him on the basis of race in violation of Title VII, discriminating against him on the basis of age in violation of the ADEA, violating OSHA, and violating Texas Penal Code § 37.02, which criminalizes perjury.  Rylander moved for summary judgment on his OSHA claim, arguing that Kroger made a fraudulent safety violation claim. Defendants also moved for summary judgment, arguing that Rylander's discrimination and retaliation claims are unsupported by the evidence, that there is no private cause of action under OSHA, and that Rylander lacks standing to bring a criminal cause of action under Texas Penal Code § 37.02.

No. 24-20108

The district court denied Rylander's motion for summary judgment, and granted summary judgment in favor Defendants, dismissing all of Rylander's claims with prejudice. Rylander filed a timely notice of appeal.

## II.

"We review a district court's grant of summary judgment de novo, viewing all facts and drawing all inferences in a light most favorable to the non-moving party."[1] A party is entitled to summary judgment if it shows "that there is no genuine dispute as to any material fact" and that it "is entitled to judgment as a matter of law."[2]

As the district court determined, the burden-shifting framework established in *McDonnell Douglas Corp. v. Green*[3] is applicable to Rylander's race discrimination, age discrimination, and retaliation claims. Under this framework, a plaintiff bears the initial burden of establishing a *prima facie* case of discrimination or retaliation.[4] If he does so, the burden shifts to the defendant "'to articulate some legitimate, nondiscriminatory [or nonretaliatory] reason,' for its action."[5] If the defendant can provide such a reason, the burden shifts back to the plaintiff to establish that the proffered reason is pretextual.[6]

---

[1] *Harville v. City of Houston*, 945 F.3d 870, 874 (5th Cir. 2019) (citation omitted).

[2] Fed. R. Civ. P. 56(a).

[3] 411 U.S. 792 (1973).

[4] *Ross v. Judson Indep. Sch. Dist.*, 993 F.3d 315, 321 (5th Cir. 2021) (citing *McDonnell Douglas*, 411 U.S. at 802).

[5] *Id.* (quoting *McDonnell Douglas*, 411 U.S. at 802).

[6] *Id.* (citing *McDonnell Douglas*, 411 U.S. at 804).

No. 24-20108

## A.

A plaintiff establishes a *prima facie* case of racial discrimination if he shows that: "1) he belongs to a protected group; 2) he was qualified for his position; 3) he suffered an adverse employment action; and 4) he was replaced by someone outside of his protected group or a similarly situated employee outside of his protected group was treated more favorably."[7]

The district court held that Rylander was unable to satisfy the fourth element of his *prima facie* case. Specifically, the court determined that Rylander came forward with no evidence that he was treated less favorably than a similarly situated employee outside of his protected class or that he was replaced by someone outside of his protected class.

On appeal, Rylander argues that the district court erred in "requir[ing] [him] to prove that he was replaced by someone outside his class in order to make out a prima facie case." But, Rylander misstates the district court's decision. The district court correctly recounted the law which allows a discrimination plaintiff to satisfy the fourth prong by *either* (1) coming forward with evidence that at least one similarly situated coworker outside of his protected group was treated more favorably *or* (2) by coming forward with evidence that he was replaced by someone outside of his protected group.[8] The district court correctly determined that Rylander did not satisfy the fourth prong in either way.

Contrary to Rylander's contentions, the Third Circuit's decision in *Pivirotto v. Innovative Sys., Inc.*,[9] finding an error in a jury instruction does not

---

[7] *Owens v. Circassia Pharms., Inc.*, 33 F.4th 814, 825 (5th Cir. 2022) (citations omitted).

[8] *See id.*

[9] 191 F.3d 344 (3d Cir. 1999).

4

undermine the district court's decision on this issue.  The district court did not apply a similar misunderstanding of the law in this case.

Rylander does not otherwise show that the district court erred in determining that he was unable to satisfy the fourth prong of his *prima facie* case.  When satisfying the fourth prong with a similarly situated employee, known as a "comparator," the plaintiff must "show that the comparator's conduct is 'nearly identical,' not strictly identical."[10]  Rylander directs this Court to evidence in the record showing that a younger, Caucasian[11] male (Justin Pruitt) was also terminated for not reporting that he ran into a bulkhead with a pallet jack.  But, such evidence shows that similarly situated employees outside of Rylander's protected group were actually treated the same, and not more favorably than Rylander was treated for similar conduct.[12]

Rylander contends that Pruitt was rehired by Kroger, while he (Rylander) was not, but Rylander's complaint did not allege a claim of discriminatory hiring/rehiring.  Moreover, even if it did, Rylander does not point this Court to any evidence in the record showing that Pruitt was rehired under circumstances "nearly identical" to those of Rylander such that Pruitt could be a comparator for a discriminatory rehiring claim.  Accordingly, the district court did not err in determining that Rylander failed to establish a *prima face* case of race discrimination.

---

[10] *Saketoo v. Adm'rs of Tulane Educ. Fund*, 31 F.4th 990, 998 (5th Cir. 2022) (citation omitted).

[11] There is an affidavit in the record stating that Pruitt is twenty years younger than Rylander, but his race has been alleged only by Rylander in his appellate brief.

[12] Rylander argues that Pruitt was not similarly situated because Pruitt was actually involved in a "real accident," while he was not, and that Pruitt was treated more favorably. However, Rylander acknowledges that Pruitt was also terminated like he was.

No. 24-20108

As Defendants additionally argue, even assuming Rylander established a *prima facie* case, Kroger contends that it terminated Rylander's employment based on the legitimate, nondiscriminatory reason that he violated company policy when he failed to report an accident. Although Rylander disputes that what occurred qualified as an "accident," the "focus of the pretext inquiry" is "whether [Kroger] reasonably believed its non-discriminatory reason for discharging [Rylander] and then acted on that basis," or if it used the reason as a pretext to discriminate.[13] And Rylander offers no evidence suggesting the reason was pretextual.[14] Therefore, we affirm the district court's dismissal of Rylander's racial discrimination claim on the additional basis that Rylander failed to demonstrate a genuine issue of material fact that the reason given for his termination was pretext for discrimination.[15]

## B.

To establish a *prima facie* case of retaliation, a plaintiff must demonstrate that: (1) he participated in a protected activity under Title VII; (2) his employer took an adverse employment action against him; and (3) a causal connection exists between the protected activity and the adverse employment action.[16] The district court determined that Rylander established the first element because he testified in his deposition that he filed

---

[13] *Kitchen v. BASF*, 952 F.3d 247, 253 (5th Cir. 2020) (citation omitted).

[14] *See id.*

[15] It is unclear whether Rylander has appealed the district court's dismissal of his age discrimination claim. To the extent that he has, we agree with the district court (as we did with his race discrimination claim) that Rylander was unable to establish a *prima facie* case and that there was no evidence demonstrating a genuine issue that Kroger's reason for firing him was pretext for age discrimination.

[16] *Arredondo v. Elwood Staffing Servs., Inc.*, 81 F.4th 419, 430 (5th Cir. 2023).

a grievance with Kroger's human resources department complaining of age and race discrimination. But, the district court determined that Rylander was unable to show a causal connection between his complaint and his firing because there was no evidence that the person who decided to terminate Rylander's employment had any knowledge of Rylander's grievance or that he rubberstamped a decision from someone with knowledge of it. Additionally, the district court determined that the temporal proximity of Rylander's grievance to his termination, which he testified was maybe "over a year," was too attenuated under to establish the requisite causal connection.

On appeal, Rylander contends that another person was involved in his firing (Ivonne Allen) and that she had knowledge of his grievance. While that might be true, Rylander's citations to the record on appeal, confirm that his grievance was filed "over a year before" his firing. The temporal proximity of over a year between the submission of Rylander's grievance and his firing is fatal to a *prima facie* case of retaliation.[17] Consequently, we conclude that the district court did not err in dismissing Rylander's retaliation claim.

## III.

Rylander challenges various other district court rulings on appeal.[18] He argues that the district court erred in denying his motion for leave to

---

[17] *See Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273 (2001) (per curiam) (noting that three-month or four-month period between protected activity and adverse employment action is insufficient to establish temporal proximity for purposes of *prima facie* case for retaliation claim).

[18] Rylander does not address the basis for the district court's dismissal of his OSHA claim—that the statute does not provide a private right of action. Because he fails to challenge the basis for the district court's dismissal, he has waived the issue, and it is the same as if he had not appealed that part of the judgment. *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987) (holding that appellant's failure to identify

amend and his request to extend the deadline for producing documents. Rylander contends the district court "crippled" him from obtaining the necessary evidence to oppose Defendants' motion for summary judgment. He also asserts the district court erred in denying his motion for default judgment.

Rylander's challenges to these rulings are difficult to follow. Although this Court liberally construes *pro se* briefs, "*pro se* parties must still brief the issues."[19]  Because Rylander has not shown how the district court erred or abused its discretion in the various other rulings it rendered, we must affirm them.

## IV.

Based on the foregoing, the district court's judgment is AFFIRMED.

---

any error in the basis for the district court's judgment "is the same as if he had not appealed that judgment").

[19] *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995); *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993) ("[A]rguments must be briefed to be preserved.").